## SUPREME COURT.

In the Matter of the Application of the NEW YORK, LACKA-
WANNA AND WESTERN RAILWAY COMPANY to acquire
lands of CHARLES S. LONGWELL.

*Railroads — Manner of acquiring title to real estate — Commissioners, their*
*powers and duties — When award of commissioners will be set aside for*
*irregularities — Right of owner to examine witnesses.*

Where the commissioners went to the premises together and viewed the
premises, the owner being present, one of the commissioners stating to
him the legal rule of damages in such cases, and he stating to the com-
missioners the items of damage claimed by him:
*Held,* that the circumstance that during a part of the time while the com-
missioners were on the premises one of them was separated from the
others is of no moment, provided that each viewed the premises
sufficiently to enable him to judge of the amount of the damages, and
provided the sum arrived at was the result of their joint deliberations.
Where the land owner expressly waived the right to produce and examine
witnesses and consented with the counsel for the railroad company that
the commissioners might act upon a view of the premises, which they
proceeded to do and made their award.  On motion to set aside the
award it appeared from the affidavit of the land owner that in declining
to produce witnesses he acted upon a misapprehension as to his legal
rights, founded upon erroneous information derived by him from
another person, to the effect that he would be entitled to a rehearing,
as a matter of right, before other commissioners, and that on such
rehearing he could examine witnesses:
*Held,* that the land owner is entitled to the relief asked for by him on the
ground that he was misled to his prejudice by erroneous information as
to his legal rights.
It is not necessary that any blame be imputed to the commissioners or
the railroad company or anyone acting for the company to entitle the
land owner to relief.

*Fourth Department, General Term, April,* 1882.

THE appellant Longwell is the owner of a valuable farm
near the village of Bath, New York, containing about 300
acres, upon which he resides.  The railroad of respondent,

VOL. LXIII    34

now in process of construction, runs across the farm for a distance of nearly half a mile, passing through appellant's barns and near his house, and destroying a valuable driveway and shade and fruit trees. For reason stated in the third point appellant omitted to give any proof whatever before the com missioners. The award was $3,500, and much too small. This motion was then made by appellant to set aside the commissioner's report for certain irregularities stated in the notice of motion, and also upon the merits for favor, by reason of appellant's misunderstanding of the facts and his rights. The motion was heard at the same time with a motion by respondent to confirm the commissioner's report. The report was confirmed, and the motion to vacate same and open the default was denied. From that order this appeal is taken.

*J. F. Parkhurst*, for appellant.

I. There was no sufficient or legal viewing or examination of the premises by the commissioners: 1st. Because the commissioner Stephens did not act with the others when they viewed the premises, and the examination was insufficient. 2d. Because the commissioners acted upon the statement of an unsworn witness as to the grade across appellant's land. No proofs whatever were given upon either side before the commissioners. The award was, therefore, based wholly upon an inspection of the premises by the commissioners. By this course the commissioners became at once the judges and the witnesses. The law contemplates that they shall not only view the premises, but do so together, and together discuss the points bearing upon the amount of damage. The statute reads: " They shall view the premises  *  *  *  and hear the proof,  *  *  *  and they, or a majority of them, all being present,  *  *  *  shall  *  *  *  determine, &c. (6 *Edm. Stat.*, 368). The statute and authorities clearly show that all the commissioners must act together (6 *Edm. Stat.*, 368, 369; *Cruger* agt. *H. R. R. Co.*, 12 *N. Y.*, 196; *Brewer* agt. *Kingsley*, 1 *Johns. Cases*, 334; *Small* agt. *De Forrest*, 2

*How.*, 176; *McInroy* agt. *Benedict*, 11 *Johns.*, 402; *Townsend* agt. *Glens Falls Ins. Co.*, 10 *Abb. N. I.*, 177).

II. The commissioners acted upon the statement of an unsworn witness as to the grade across appellant's land. Commissioners upon these hearings are bound by the rules of evidence which govern the trial of a civil action (*Rochester, &c., R. Co.* agt. *Budlong*, 6 *How.*, 467). And as it would have been error for a referee to have taken this unsworn statement, so was it error in the commissioners (*Security Fire Ins. Co..* agt. *Martin*, 15 *Abb.*, 479). The fact that Mr. Longwell did not object to Miller's going into the field to qualify himself as a witness was not a consent that his unsworn statement should be received by the commissioners. Statutes in derogation of common-law right are strictly construed, and all possible inferences indulged in in favor of the land owner (*Sharp* agt *Johnson*, 4 *Hill*, 92; *Doughty* agt. *Hope*, 3 *Denio*, 395; *Wheeler* agt. *Milis*, 40 *Barb.*, 644; *Jackson* agt. *Shepard*, 7 *Cow.*, 88). It is not a sufficient answer to this that Longwell was present and did not formally object and except as upon a trial: 1st. Because, as will be seen in the next point, Longwell was acting under a misapprehension as to his rights and he should not be deemed to have waived or consented to these irregularities. 2d. The irregularities complained of were the insufficient or improper conduct of the court itself, as to which no exception would be required.

III. Longwell's default in not producing witness was sufficiently excused and the default should have been opened as a matter of favor upon terms. The court has power in its discretion to order a rehearing (*In re N. Y. C. and H. R. R. Co.*, 64 *N. Y.*, 60; *Erie R. Co.* agt. *Coburn*, 6 *How.*, 223).

*M. Rumsey Miller*, for railway company.

I. The motion to set aside order appointing commissioners and their report for first alleged irregularity, viz., " that O. Seymour was incompetent to act as commissioner by reason of

his business relations with counsel for the railroad company" was properly denied.

II. The motion to set aside on the second and third alleged irregularities, viz., " all the commissioners did not act together in viewing the premises; the commissioner James H. Stevens did not act with the other commissioners, nor was he present with them when viewing the premises," was properly denied.

III. The claim of appellant's counsel made in the court below that " Longwell should have a new hearing because he thought he had a right to have another hearing as a matter of right " was properly overruled. It is difficult to see how this question is raised on this motion, nothing of the kind appearing in the report nor being specified in the notice of motion. Longwell's ignorance of the law is no ground for setting aside the award (*Mayor* agt. *Green*, 1 *Hilt.*, 393, 394; *Wharton's Legal Maxims*, 308; *Maxim*, 133, *and cases there cited*). An award without evidence is very common. It is perfectly regular and proper, and having had opportunity to present evidence and failing to do so they cannot complain (*Rondout and Oswego R. R. Co.* agt. *Field*, 38 *How.*, 187, 188; *Rondout and Oswego R. R. Co.* agt. *Deyo*, 5 *Lans.*, 300). The statute is clear on this question : " The commissioners shall hear the proofs and allegations of the parties and reduce the testimony, if any is taken by them, to writing" (*Laws of* 1874, *chap.* 582, *sec.* 4). The above case is right in point and holds that even if injustice was done, where the land owner has an opportunity to present evidence and does not do it, he cannot afterward be heard to complain (*Rondout and Oswego R. R. Co.* agt. *Field*, 38 *How.*, 187, 188).

IV. The application for relief is analogous to a motion for a new trial on ground of surprise or newly-discovered evidence, and should not be granted unless on the whole injury has resulted and a new trial will probably change the result (*Powell* agt. *Jones*, 42 *Barb.*, 24; *Blake* agt. *Howe*, 15 *Am. Dec.*, 681; *Darbee* agt. *Elwood*, 2 *Hun*, 599).

V. If the application to set aside is to be regarded in the

light of opening a default for favor it is not appealable (*Farish* agt. *Corlies*, 1 *Daly*, 274, 277; *Muldenor* agt. *McDonough*, 2 *Hilt.*, 46, 47).

SMITH, *P. J.* — The allegations of irregularity on which the motion to set aside the report was based are fully met by the opposing affidavits. The appellant expressly waived the right to produce and examine witnesses and consented with the counsel for the railroad company that the commissioners might act upon a view of the premises. The commissioners went to the premises together and viewed the premises, the owner being present, one of the commissioners stating to him the legal rule of damages in such cases, and he stating to the commissioners the items of damage claimed by him. The circumstance that during a part of the time while the commissioners were on the premises one of them was separated from the others is of no moment, provided each viewed the premises sufficiently to enable him to judge of the amount of the damages, and provided the sum arrived at was the result of their joint deliberations, as appears to have been the case.

Nevertheless, it is apparent from the affidavit of Mr. Long-well that in declining to produce witnesses he acted upon a misapprehension as to his legal rights, founded upon erroneous information derived by him from a person not named, to the effect that he would be entitled to a rehearing, as a matter of right, before other commissioners, and that on such rehearing he could examine witnesses. He swears that he told the commissioners he was informed he had that right, but it is clear from the affidavits of the commissioners that if he did tell them, they did not so understand him. Yet the fact that he acted upon erroneous information as to his legal rights is a circumstance to be considered, and if he was prejudiced thereby it is a ground for relief.

He alleges that the sum allowed him is much less than the damages he will sustain. The sum allowed is $3,500, and he

produces affidavits tending to show that the damage will amount to at least $5,000, one affiant putting it as high as $6,500.

The respondents produce about an equal number of affidavits to the effect that the sum allowed is full compensation. But this is by no means conclusive against the appellant. It appears from the manner in which the proposed route of the railroad crosses his farm that the damage will be serious, and of a character difficult to estimate, and in regard to which witnesses of equal intelligence and candor, with the same opportunity of judging, will be likely to differ widely. In short, the case, as it seems to us, is one in which it is eminently proper that witnesses should be examined, and it is to be inferred from a statement contained in the affidavit of Mr. Stevens, the only lawyer upon the commission, that he preferred to hear evidence in regard to the claim for damages. He so expressed himself to Mr. Longwell, and the omission of the latter to produce witnesses is inexplicable except upon the idea that he was acting upon erroneous information and advice, as he alleges.

We are therefore inclined to the opinion that the appellant is entitled to the relief asked for by him, on the ground that he was misled to his prejudice by erroneous information as to his legal rights.

No blame is to be imputed to the commissioners or the railroad company or anyone acting for the company, nor need it be in order to entitle the appellant to relief. Even in mortgage cases, where the property is sold to the mortgagee for an inadequate price, the fact that the mortgagee was misled by a third person and did not attend the sale, has been held sufficient ground for opening the sale (*Tripp* agt. *Cook*, 26 *Wend.*, 143).

The notice of motion being not only for relief on specific grounds, but also for " other " or general relief, is broad enough for the purpose.

Our conclusion is that the orders appealed from should be

reversed, and the motion made by the land owner at special term be granted on condition that he pay to the railroad company the costs and disbursements of the hearing already had before the commissioners, to be taxed, and also ten dollars costs and the disbursements of this appeal, and ten dollars costs of the motion at special term — otherwise, the orders appealed from are affirmed, with ten dollars costs and disbursements of this appeal to the respondent.

HARDIN and HAIGHT, JJ., concur.

So ordered.